IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAWN RENEE ADAMS, | ) | Case No. 18-20796-13-rdb |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAWN RENEE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary Case. No. |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION; | ) | |
| AND | ) | |
| EDUCATIONAL CREDIT | ) | |
| MANAGEMENT CORPORATION, | ) | |
| Defendants. | ) | |

**COMPLAINT FOR ORDER DECLARING THAT DEBTOR'S STUDENT LOANS SHOULD BE DISCHARGED BASED ON UNDUE HARDSHIP PURSUANT TO §523(a)(8)**

COME NOW Debtor by and through her attorney, Colin N. Gotham of Evans & Mullinix, P.A., and before this Court pursuant to Rule 7001(6) of the Rules of Bankruptcy Procedure for the entry of an Order in this case to declare the student loans currently owned and/or serviced by Educational Credit Management Corporation ("ECMC") and U.S. Department of Education c/o Nelnet, are discharged based on undue hardship. In support of her complaint the Debtor states:

1. The Plaintiff filed a Chapter 13 bankruptcy on April 19, 2018 and Debtor's Plan was confirmed on June 14, 2018.

2. The Debtor's original Plan stated as follows: "Student loan Obligations: Debtor proposes that any funds available after disbursement for the allowed attorney fees, priority and secured claims will be paid towards allowed student loan claims pro rata. After the Plan has

00881422

been completed, Debtor understands that he will need to continue to make payments until the student loan obligation has been satisfied to the extent that said claims are valid".

3. Any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and is excepted from discharge *unless Debtor files an adversary proceeding to determine the dischargeability of that debt and prevails on the merits.*

4. U.S. Department of Education c/o Netlnet filed a proof of claim on November 14, 2019 in the amount of $52,701.35.

5. ECMC filed a proof of claim on May 21, 2018, in the amount of $45,224.09.

6. The Debtor's student loan should be discharged pursuant to § 523(a)(8) based on undue hardship, and as follows:

    a. The Debtor cannot maintain, based on current income and expenses, a minimal standard of living if forced to repay the student loan given as follows: i) the current student loan debt is more than three times the Debtor and Debtor's spouse's annual income: ii) Debtor's spouse is self-employed and currently working in lawn care, iii) Debtor is 42 years old; Debtor's husband is 46 years old and they have 2 children under the age of 18; and iv) Debtor has no realistic opportunity to pay student loans that now exceed $97,925.44.

    b. Debtor and Debtor's husband's combined income has never exceeded $34,500.00 in the last several years.

    c. The median income for a family of four in the State of Kansas is currently $92,129.00.

    d. Debtor sold home in 2018 because she and her husband were not able to make the payments.

e. Debtor has previously filed a Chapter 7 bankruptcy in 2013 (case No. 13-21900).

f. There are indications that the Debtor's current income and expenses are likely to persist for a significant portion of the remaining repayment period in that there is no reasonable prospect that Debtor's income will increase substantially; and

g. The Debtor made a good faith effort to repay the student loans in that she has made payments on the loans, and she has been in a Chapter 13 bankruptcy paying the student loans on a pro rata basis. Debtor also made substantial payments given very low income prior to this case being filed.

WHEREFORE, the Plaintiff prays for an order declaring student loans discharged as an undue hardship pursuant to §523(a)(8), and for such other and further relief as the court deems just and proper.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*s/ Colin N. Gotham*
Colin N. Gotham, KS #19538
7225 Renner Road, Suite 200
Shawnee, KS 66217
cgotham@emlawkc.com
(913) 962-8700; (913) 962-8701 (FAX)
Attorneys for Debtor